IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN JAMES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-24-JD |
| KRIS GOLDEY, | ) ) ) |
| Respondent. | ) ) |

### REPORT AND RECOMMENDATION

Petitioner Calvin James, a federal prisoner, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). United States District Judge Jodi W. Dishman referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (Doc. 7). For the following reasons, the undersigned recommends that the Court **TRANSFER** the Petition to the United States District Court for the Northern District of West Virginia.

I. **Background**

Petitioner filed the instant Petition in the United States District Court for the Southern District of Georgia. (Doc. 1). In the Petition, Petitioner alleges that he was deprived of the right to appeal a disciplinary decision at the Federal Correctional Institution ("FCI") in Jesup, Georgia, because prison officials never provided him with a copy of the Discipline Hearing Officer ("DHO") report or appeal documents. (*Id.* at 6). Petitioner requests that the Court restore the good conduct time he lost because of the decision. (*Id.* at 7).

1

The District Court for the Southern District of Georgia granted Petitioner permission to proceed *in forma pauperis* and then transferred the Petition to this Court because Petitioner was incarcerated at FCI El Reno in the Western District of Oklahoma when he filed the Petition. (Doc. 3). Petitioner has since been transferred to FCI Hazelton in Bruceton Mills, West Virginia. (Doc. 13, at Ex. 1; Doc. 14). Respondent asserts that because Petitioner was transferred to FCI Hazelton, this Court lacks jurisdiction over Petitioner's current custodian and can no longer effectuate relief. (Doc. 13, at 2-3).

## II. Discussion

The undersigned agrees with Respondent that this Court can no longer effectuate relief because it lacks jurisdiction over Petitioner's custodian, who resides in the Northern District of West Virginia.[1] "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). However, "[d]istrict courts are limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (internal quotation marks omitted). "For § 2241 petitions, this means that the district court must have jurisdiction 'over the custodian'" of the petitioner. *Naranjo-Delgado v. United States*, No. CIV-18-1061-R, 2019 WL 2342689, at *1 (W.D. Okla. June 3, 2019) (quoting *Rumsfeld*, 542 U.S. at 442). Since Petitioner has been transferred to FCI Hazelton, this Court lacks jurisdiction over his custodian and cannot effectuate relief. *See Strand v. Warden*, No. CIV-23-1189-

---

[1] *FCI Hazelton*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/haf/ (last visited July 8, 2025).

2

HE, 2024 WL 1059550, at *2 (W.D. Okla. Feb. 9, 2024), *report and recommendation adopted sub nom. Strand v. FNU Warden, FTC*, 2024 WL 1055116 (W.D. Okla. Mar. 11, 2024).

The Court must either dismiss the Petition for mootness, *see id.*, or, if another court may still effectuate relief, transfer the Petition to that court if transfer is in the interest of justice,*Rodriguez v. Young*, No. CIV-20-669-J, 2021 WL 800588, at *4-5 (W.D. Okla. Jan. 22, 2021), *report and recommendation adopted*, 2021 WL 795194 (W.D. Okla. Mar. 2, 2021). "In making this determination, 'a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.'" *Id.* at *4 (quoting *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)). Beyond the merits, a court should consider whether a new action would be time-barred and whether the original action was filed in good faith. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

Here, nothing suggests that Petitioner filed the original petition in bad faith — he initially filed it in the judicial district where the alleged deprivation of his right to due process occurred. It is unclear whether a new petition would be time-barred because Petitioner does not state the date of the disciplinary decision he seeks to challenge. Taking a peek at the merits, Petitioner's allegation that prison officials never provided him with a copy of the DHO report after his disciplinary hearing may present a viable ground for habeas relief. Federal inmates are guaranteed the following process when the revocation of good time credits occurs:

> (1) written notice of the disciplinary charges at least twenty-four hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action.

*Russell v. Wilson*, 2015 WL 4479744, at *5 (E.D. Va. June 17, 2015) (citing *Wolff vs. McDonnell*, 418 U.S. 539, 563-67 (1974)), *report and recommendation adopted,* 2015 WL 4479746 (E.D. Va. July 20, 2015).

After a disciplinary hearing, the presiding DHO must provide the prisoner with a DHO report, which satisfies the fifth *Wolff* requirement. See 28 C.F.R. § 541.8; *Gainer v. Breckon*, 2020 WL 5832056, at *1 (W.D. Va. Sept. 30, 2020). Delayed receipt of a DHO report is not a due process violation unless the delay meaningfully prejudices the prisoner. *Orozco v. Breckon*, 2020 WL 1542094, at *2 (W.D. Va. Mar. 31, 2020); *Krester v. Andrews*, 2020 WL 4495469, at *6 (E.D. Va. Aug. 4, 2020). However, complete non-receipt of a DHO report or any other written statement providing the basis and reasoning behind a disciplinary decision violates due process. *Wolff*, 418 U.S. at 564-65; *see also Orozco*, 2020 WL 1542094, at *2 (denying respondent's motion for summary judgment where petitioner's disciplinary appeal was denied for failure to attach DHO report despite prison officials failing to provide petitioner with DHO report). Since Petitioner alleges that he has never received the DHO report explaining the basis for his loss of good time credit, transfer instead of dismissal is in the interest of justice.

### III. Recommendation and Notice of Right to Object

In accordance with the forgoing analysis, the undersigned recommends that the Court **TRANSFER** Plaintiff's Petition (Doc. 1) to the United States District Court for the Northern District of West Virginia.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 30, 2025,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 9th day of July, 2025.

*[signature]*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE