IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN JAMES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-00024-JD |
| | ) |
| KRIS GOLDEY, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda L. Maxfield on July 9, 2025. [Doc. No. 15]. Judge Maxfield recommends that the Court transfer Petitioner Calvin James's 28 U.S.C. § 2241 Petition [Doc. No. 1] to the United States District Court for the Northern District of West Virginia because that court has jurisdiction over Mr. James's custodian. R. & R. at 2.

# BACKGROUND

Mr. James filed his habeas Petition in the United States District Court for the Southern District of Georgia. *See* [Doc. No. 1]. Mr. James's Petition alleges that he was deprived of the right to appeal a disciplinary decision at the Federal Correctional Institution ("FCI") in Jesup, Georgia, because prison officials never provided him with a copy of the Discipline Hearing Officer ("DHO") report or appeal documents. *Id.* at 6. For relief, Mr. James requests that the Court restore the good conduct time he lost because of the disciplinary decision. *Id.* at 7. The United States District Court for the Southern District of Georgia granted Mr. James's motion to proceed *in forma pauperis* and

transferred the Petition to this Court because Mr. James was incarcerated at FCI El Reno in the Western District of Oklahoma at the time he filed the Petition. [Doc. No. 3]. Mr. James has since been transferred to FCI Hazelton in Bruceton Mills, West Virginia. [Doc. Nos. 13-1, 14].[1]

In light of Mr. James's transfer, Judge Maxfield's R. & R. recommends that the Court transfer the Petition to the United States District Court for the Northern District of West Virginia. R. & R. at 5. Judge Maxfield notes that "[d]istrict courts are limited to granting habeas relief within their respective jurisdictions," and "[f]or § 2241 petitions, this means that the district court must have jurisdiction 'over the custodian'" of the petitioner. *Id.* at 2 (first alteration in original) (first quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); and then quoting *Naranjo-Delgado v. United States*, No. CIV-18-1061-R, 2019 WL 2342689, at *1 (W.D. Okla. June 3, 2019)). Because the warden of the facility where Mr. James is being held resides in the Northern District of West Virginia, Judge Maxfield explains, "this Court lacks jurisdiction over his custodian and cannot effectuate relief." *Id.*

The R. & R. notes that because the Court lacks jurisdiction, it must either dismiss the Petition without prejudice or, "if another court may still effectuate relief, transfer the Petition to that court if transfer is in the interest of justice." *Id.* at 3. "In making this determination," Judge Maxfield notes that "'a court is authorized to consider the

---

[1] *See also* BOP Federal Inmate Lookup, Calvin James, BOP Register #22715-021, available at https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (showing Mr. James located at FCI Hazelton) (last accessed Aug. 8, 2025).

consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.'" *Id.* (quoting *Rodriguez v. Young*, No. CIV-20-669-J, 2021 WL 800588, at *4 (W.D. Okla. Jan. 22, 2021), *report and recommendation adopted*, 2021 WL 795194 (W.D. Okla. Mar. 2, 2021)). Further, "a court should consider whether a new action would be time-barred and whether the original action was filed in good faith." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

Considering these factors, Judge Maxfield concludes that transferring the Petition rather than dismissing it would advance the interests of justice. *Id.* at 4. The R. & R. notes that there is nothing to suggest Mr. James filed the Petition in bad faith, as he originally filed it in the Southern District of Georgia, where the alleged deprivation of his rights took place. *Id.* at 3. The statute of limitations is a neutral factor in Judge Maxfield's analysis since "[i]t is unclear whether a new petition would be time-barred because Petitioner does not state the date of the disciplinary decision he seeks to challenge." *Id.* As to the merits of the Petition, the R. & R. reasons that Mr. James's "allegation that prison officials never provided him with a copy of the DHO report after his disciplinary hearing may present a viable ground for habeas relief," as "complete nonreceipt of a DHO report or any other written statement providing the basis and reasoning behind a disciplinary decision violates due process." *Id.* at 3–4 (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–65 (1974)). Thus, because the Petition may have merit, there is no indication it was filed in bad faith, and it is not clear whether a new petition would be time-barred, Judge Maxfield recommends transferring the Petition instead of dismissing

it. *Id.*

## ANALYSIS

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Neither party objected to the R. & R., and neither exception to the firm waiver rule applies. Judge Maxfield advised the parties of the time period for objecting and the consequences of failing to object. R. & R. at 5. The interests of justice do not require review of the R. & R. under the factors listed by the Tenth Circuit.

4

With no objection being filed within the time limits, the Court accepts, adopts, and affirms the R. & R. Alternatively, although the Court is not required to review de novo, it has done so and determines that the R. & R. should be adopted in full.

## CONCLUSION

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 15] and TRANSFERS this action to the United States District Court for the Northern District of West Virginia. This resolves Respondent Warden of FCI El Reno's Motion [Doc. No. 13], resulting in its denial as moot given the transfer instead of dismissal, and leaves Mr. James's Motion for Habeas Corpus [Doc. No. 8] for the transferee court to resolve.

IT IS SO ORDERED this 8th day of August 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE